IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MICHAEL JAMES MEDLOCK                                          PETITIONER

vs.                    Civil Case No. 5:05CV00291 HLJ

LARRY NORRIS, Director,
Arkansas Department of Correction                              RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## **DISPOSITION**

Now before the court is a petition for a writ of habeas corpus under 28 U.S.C. § 2254 by Michael James Medlock, an inmate of the Arkansas Department of Correction. Petitioner was convicted by a jury on September 6, 2001, of aggravated robbery, and he received a fifty-six year sentence of imprisonment. The Arkansas Court of Appeals affirmed his conviction on November 13, 2002, (Respondent's Exhibit B) and entered its mandate on January 13, 2003

(Respondent's Exhibit D).  Petitioner filed a petition for post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure on March 7, 2003 (Respondent's Exhibit E).  The trial court held a hearing on April 10, 2003, and ruled from the bench, denying relief (Respondent's Exhibit G).  The court entered a written order on May 6, 2003 (Respondent's Exhibit F) and Petitioner appealed.  The Arkansas Supreme Court affirmed the trial court on September 30, 2004 (Respondent's Exhibit H), and entered its mandate on October 19, 2004 (Petitioner's Exhibit 3, attached to Reply filed on December 29, 2005).

In the present petition, Petitioner raises the following grounds for relief:

    1.  His conviction is not supported by sufficient evidence;

    2.  The trial court erred in admitting evidence of a previous conviction and

    3.  The trial court abused its discretion by admitting evidence of the victim's death and evidence that the victim had a broken leg.

Respondent contends the petition should be dismissed as untimely under 28 U.S.C. § 2244(d), which provides as follows:

    (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>  2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The triggering date, or the date on which the one-year time limitation began to run in this case was the date Petitioner's conviction became final. A state court judgment becomes final at the conclusion of direct review or upon expiration of the time for filing a petition for a writ of certiorari to the United States Supreme Court, which is ninety days from the date the state court files its decision. Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999); Rule 13(3) of the Rules of the United States Supreme Court. The Arkansas Court of Appeals filed its decision on direct review on November 13, 2002, and the

ninety-day time period ended on February 11, 2003.[1] The one-year period of limitations began to run the next day, on February 12, 2006, and it ran for twenty-three days, until Petitioner filed his Rule 37 petition on March 7, 2003. Under § 2244(d)(2), the limitations period was tolled during the entire time the Rule 37 petition was pending. This included the time between the date the circuit court filed its opinion denying relief and the date Petitioner filed his notice of appeal. <u>Peterson v. Gammon</u>, 200 F.3d 1202 , 1205 (8th Cir. 2000). Even if the court does not start the limitations period running again until the date the Arkansas Supreme Court filed its mandate[2] on October 19, 2004,[3] the present

---

[1] Petitioner did not request the Arkansas Supreme Court to review the Court of Appeals' decision. Respondent does not argue here, as he has in other cases in this district, that his failure to seek review extinguished Petitioner's right to seek certiorari and rendered the conviction final when the Arkansas Court of Appeals issued its decision. Moreover, The District Judge presiding in the present case recently held in <u>Collier v. Norris</u>, No. 4:05CV515, that where there is no basis for seeking review in the Arkansas Supreme Court, a decision by the Arkansas Court of Appeals is a judgment from which a defendant may seek certiorari in the Supreme Court under 28 U.S.C. 1257(a) and Rule 13 of the Rules of the Supreme Court of the United States. Thus, the conviction does not become final for purposes of § 2244 until expiration of the ninety days. This court assumes without deciding that Petitioner here could petition for certiorari and that the limitations period was tolled for this period of time.

[2] The Eighth Circuit has not specifically decided whether the post-conviction petition ceases to be "pending" when the appellate court files its decision or when it files its mandate. Respondent uses the date the decision was filed, September 30, 2004, but offers no basis for using this date.

[3] The limitations period is not tolled for the 90-day period in which a petitioner may seek certiorari from the state appellate court's denial of post-conviction relief. <u>Snow v. Ault</u>, 238 F.3d

petition is untimely because Petitioner did not file it until October 19, 2005, twenty-three days past the one-year deadline.

Petitioner states in his Reply that he attempted to contact his post-conviction counsel to monitor the progress of his Rule 37 petition, but counsel would not reply to his inquiries. He contacted the Arkansas Supreme Court's Criminal Justice Coordinator, who informed him on September 27, 2004, that his petition was still pending, and that a copy of the decision would be mailed to his attorney the date it was issued. He again contacted the court and was informed on June 17, 2005, that the court had affirmed the trial court's denial of relief on September 30, 2004. His attorney also wrote him on July 11, 2005, to inform him of the denial of relief, and to tell him that, if he wished to pursue federal habeas relief, he should file a petition immediately.

A court may apply equitable tolling to a limitations period where a petitioner has established "two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. Diguglielmo, ___ U.S. ___, ___, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005).[4] "[E]quitable tolling is appropriate only in rare cases," Von Eye

---

1033 (8th Cir. 2001).

[4] The Court assumed without deciding that equitable tolling applies to the statute of limitations in § 2244(d).

v. U.S., 92 F.3d 681, 684 (8th Cir. 1996), "when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'" Miller v. New Jersey State Dep't. Of Corrections, 145 F.3d 616, 618 (3rd Cir. 1998).

> The petitioner must show that he or she "exercised reasonable diligence in investigating and bringing [the] claims." Mere excusable neglect is not sufficient.

Id. at 618-19 (citations omitted). C.f Alvarez-Machain v. U.S., 107 F.3d 696, 701 (9th Cir. 1996), cert. denied, 522 U.S. 814 (1997)(Equitable tolling appropriate where Federal Tort Claims Act plaintiff had been incarcerated for over two years in a foreign country, in complex case in which his life was at stake).

Petitioner has not explained why he delayed from June until October in filing this petition, and I must find he simply was not diligent in pursuing his rights. The petition must be dismissed as untimely.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice. The relief prayed for is denied.

SO ORDERED this 26th day of January, 2006.

*/s/ Henry L. Jones, Jr.*
United States Magistrate Judge